FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 JUL 19   AM 10 45

STEPHAN HARRIS, CLERK
CHEYENNE

COLLIN HOPKINS, #6-4032
**THE LAW OFFICE OF COLLIN HOPKINS, P.C.**
705 East Washington
Riverton, WY 82501
(307) 856-9101 - Telephone
(307) 855-4010 - Fax
Attorney for Plaintiff
Email: hopkinslaw@bresnan.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| EILEEN K. POPOVICH , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-CV-149J |
| | ) | |
| EDWARDS PUBLICATIONS, INC.; | ) | |
| EDWARDS COMMUNICATIONS, L.C. | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

Plaintiff, by and through her undersigned attorney, and for her Complaint against Defendants state and allege as follows:

### INTRODUCTION

1.      This is an action by the Plaintiff against Edwards Publications, Inc., and Edwards Communications, L.C. for violations of the Americans with Disabilities Act of 1990, as amended and the ADA Amendments Act of 2008 and certain state law claims. Plaintiff brings the ADA claim for compensatory and punitive damages and attorney's

fees.  Damages for the state claims are financial losses, emotional distress, loss of enjoyment of life, stress, as well as punitive damages.

## PARTIES

2.      Eileen K. Popovich ("Plaintiff") is a resident of the City of Riverton, Fremont County, Wyoming.  At all times relevant to this action, Plaintiff was employed by Edwards Communications, L.C. at the Company's location in Riverton, Wyoming.

3.      Edwards Publications, Inc. is a profit corporation registered to conduct business in the State of Wyoming and is the owner of Edwards Communications, L.C. who operates two radio stations KVOW and KTAK located in Riverton, Wyoming.

4.      Edwards Communications, L.C. ("Defendant" or "Company") is a Wyoming corporation operating the radio stations KVOW and KTAK located in Riverton, Wyoming.

## JURISIDCTION

5.      This Court has jurisdiction over this matter as the causes of action arose under the laws of the United States of America and the State of Wyoming.  As the acts complained of herein were and are now being committed within the State of Wyoming, this Court has jurisdiction over any federal contract or statute or the common law claims.

6.      At the filing of this lawsuit, the Plaintiff has met all conditions precedent to bringing this action which includes the filing of a claim with the Equal Employment

2

Opportunity Commission and filing this action in a timely manner after receiving the

EEOC Notice of Right to Sue, attached hereto and incorporated herein by reference.

## GENERAL FACTUAL ALLEGATIONS

7.     Plaintiff, Eileen K. Popovich, was employed by Edwards Communications,

L.C. from January 2005 through February 21, 2011 as a bookkeeper, office manager

and traffic manager for the Company's radio station located in Riverton, Wyoming

known as KVOW AM 1450 and KTAK FM 93.9.

8.     On February 21, 2011 Plaintiff was discharged from her position as office

manager.

9.     At all relevant times complained of herein Plaintiff had a skin condition

which causes a rash.  At the time she was terminated Plaintiff was fifty-five (55) years

of age.

10.     Plaintiff was a good employee and performed the duties of her positions in

a satisfactory manner.  While employed, Plaintiff was also required to supervise and

train other employees. The Plaintiff received good evaluations for her performance.

11.     After being employed for six (6) years and the Company being aware of

Plaintiff's skin condition, in January, 2011, Mr. Ray Rintamanki, General Manager for

the Company, began singling Plaintiff out for leaving blood in various locations of the

radio station.

3

12.     Out of the ten (10) employees in the Riverton office, and the general public that utilized the radio station building restrooms, Plaintiff was called into the ladies room by Mr. Rintamanki where there was a large sign that said "Bio-Hazard" and accused of leaving blood on the wall, sink and light switch.  No sign was placed in the men's room.

13.     On January 14, 2011, Mr. Rintamanki wrote an email to the Company's corporate office regarding the situation.  He contacted others, including the Wyoming Occupational Health and Safety division who provided information regarding requirements of an employer upon finding blood in the workplace.

14.     On January 24, 2011 Plaintiff was the only employee who received a link to the information received and the only employee who was told to start wearing rubber gloves and to wrap her hands in gauze to prevent the spread of blood borne pathogens.

15.     On February 15, 2011, Mr. Rintamanki sent another email to Plaintiff regarding blood pathogens indicating he perceived Plaintiff had a disability or was regarded as disabled.  No accommodation required by the ADA was offered.

16.     Mr. Rintamanki also contacted the Wyoming Department of Employment to determine if he had any obligations regarding finding blood in the work place with the Department responding February 17, 2011.

4

17.    That weekend, Mr. Rintamanki, alone, reviewed the Company's bookkeeping records (February 19-20, 2011) and without further investigation or complying with the Company's policies and procedures, fired Plaintiff on February 21, 2011 after "discovering a pattern" of making deposits for the Company and not depositing cash that had been paid by customers for advertising services, which has never been proven in a court of law.

18.    Plaintiff was denied access to her personnel file while others were allowed to access their personnel files to makes copies.  Plaintiff made two (2) requests for her personnel file, one in person and one by email and both were denied.

## CLAIM ONE
### Violation of the Americans with Disabilities Act of 1990, as amended, and the ADA Amendments Act of 2008

All prior allegations are incorporated herein by this reference.

19.    Plaintiff was discriminated against in violation of the Americans with Disabilities Act in that the Defendants, by and through their employees and/or agents, because of a disability or perceived disability discharged her in contravention of the Act.

20.    As a direct and proximate cause of the Defendant's unlawful and discriminatory action, Plaintiff has lost wages, both past and present, as well as benefits associated with her employment and will continue to lose such wages and benefits in the future.

5

21.    Based on Defendants' conduct, and as a direct and proximate cause of Defendants' unlawful and discriminatory action, Plaintiff is entitled to punitive damages and payment of costs and attorney fees.

## CLAIM TWO
### Breach of Implied Covenant and Good Faith and Fair Dealing

All prior allegations are incorporated herein by this reference.

22.    Plaintiff was employed by the Defendants for many years in which the Plaintiff provided faithful and dedicated service.

23.    Plaintiff's relationship as an employee with the Defendants was one based, on Plaintiff's part, on trust and reliance.

24.    Federal and state law protects the Plaintiff's employment from discrimination in employment based on such factors such as age, gender and disability.

25.    Given the Plaintiff's medical condition and age it was critical that she remain employed and able to receive continuing benefits.

26.    Defendants breached their duty of good faith and fair dealing by illegally terminating Plaintiff's employment and foreclosing her ability to obtain similar job status, benefits and financial security.

27.    As a result of the Defendants' breach of implied covenant of good faith and fair dealing, Plaintiff has suffered damages including financial losses, emotional distress, loss of enjoyment of life, stress, as well as punitive damages.

## CLAIM THREE
### Breach of Contract, both Expressed and Implied

All prior allegations are incorporated herein by this reference.

28.    At the time Plaintiff was employed by Defendants, the parties entered into an employment contract of indefinite duration under which the Plaintiff agreed to work for the Defendants in return for compensation.

29.    At the time the parties entered into the contract, the Defendants distributed copies of its personnel policy manual to its employees, including the Plaintiff, which provided that the Defendants would discipline employees and discharge them for good cause in accordance with the discharge procedures set forth in the policy manual.

30.    The policy manual provided that the Defendants would abide by federal and state law and particularly those laws relating to the ADA.  Moreover, Defendants' agents confirmed the provisions of the manual and verbally represented that such representations were correct and binding on the Defendants.

31.    Plaintiff was aware of the Defendants' policies as set forth in the policy manual as well as the Company's verbal representations to her based on work performance that her employment would continue.

32.    Plaintiff continued to work for the Defendant in reliance on the Defendants' promises concerning appropriate and fair treatment including investigation of alleged misconduct and an exit interview process.

7

33.     Notwithstanding the verbal and express written provisions as promised to the Plaintiff, the Defendants breached the provisions of the employment agreement in failing to abide by federal and state law in that it failed to properly care for the Plaintiff regarding her disability or perceived disability, and then engaged in acts of retaliation and ultimately termination, all of which constitute a breach of the employment contract.

34.     As a result of the Defendants' wrongful treatment and discharge of the Plaintiff and breach of the employment contract, Plaintiff has suffered damages including lost earnings, both past and future, and incurred expenses due to the breach.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays of this Court as follows:

1.  For judgment against Defendants in favor of Plaintiff sufficient to compensate her for injuries caused by the unlawful actions of the Defendants;

2.  For past wages, front pay, back pay, benefits, future losses and punitive damages all due to the Defendants' interference with Plaintiff's constitutional and civil rights as guaranteed by the Constitution of the United States of America and State of Wyoming;

3.  For Plaintiff's costs and reasonable attorney fees incurred herein pursuant to federal law; and

4.  For such other relief as the Court deems just and equitable in the premises.

**DATED** this 18th day of July, 2013.

Respectfully submitted,
Eileen K. Popovich, Plaintiff


_____
COLLIN HOPKINS, #6-4032
**THE LAW OFFICES OF COLLIN HOPKINS, P.C.**
Attorney for Plaintiff
705 East Washington
Riverton, WY 82501
(307) 856-9101
(307) 855-4010 - facsimile

9

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**DATED** this 18th day of July, 2013.

Respectfully submitted,
Eileen K. Popovich, Plaintiff

COLLIN HOPKINS, #6-4032
**THE LAW OFFICES OF COLLIN HOPKINS, P.C.**
Attorney for Plaintiff
705 East Washington
Riverton, WY 82501
(307) 856-9101
(307) 855-4010 – facsimile

10

STATE OF WYOMING          )
                                            : ss
County of Fremont           )

## AVERMENT OF EILEEN K. POPOVICH

I, Eileen K. Popovich, being first duly sworn, do depose and state that I am the Plaintiff herein; that I have read the foregoing Complaint, know the contents thereof, and that the same are true and correct to the best of my knowledge, information and belief.

DATED this 18th day of July, 2013

Eileen K. Popovich

STATE OF WYOMING          )
                                            : ss
County of Fremont           )

Before me, a notary public in and for Fremont County, State of Wyoming, personally appeared Eileen K. this 17th day of July, 2013, and being first duly sworn by me upon her oath, says that the facts alleged in the foregoing instrument are true.

Witness my hand and official seal.

Sheli Y. Flores · Notary Public
County of          State of
Fremont          Wyoming
My Commission Expires November 23, 2015

Notary Public

My commission expires: Nov. 23, 2015

11

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Eileen Popovich<br>44 Whitetail Drive<br>Riverton WY 82501 | From: | Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2012-00492 | Holly Romero,<br>Enforcement Supervisor | (303) 866-1348 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Nancy A. Sienko,
Director

APR 1 9 2013

(Date Mailed)

Enclosures(s)